# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Song Chuan Technology (Fujian) Co. Ltd., <br><br> Plaintiff, <br><br> vs. <br><br> Bank of America, N.A., John Doe, <br><br> Defendants. | Civil Action No.  :16-cv-3269-RMG <br><br><br> **COMPLAINT** |

The Plaintiff, Song Chuan Technology (Fujian) Co. Ltd. ("Song Chuan"), by and through its undersigned attorneys, and complaining of the Defendants, would respectfully allege to this Court the following:

## PARTIES, JURISDICTION, VENUE

1. Song Chuan is a corporation organized and existing under the laws of China; it conducts business with Bank of America, N.A. ("BoA"), and its wire transfers to BoA, *inter alia*, give rise to this action.

2. BoA is a national bank organized and existing under the laws of Delaware; BoA's principal place of business is located in North Carolina, and it conducts business in every state within the United States, including South Carolina.

3. John Doe is an unknown person or entity who hacked e-mails between Song Chuan and a third-party, created a BoA account for transfer of money to which it was not entitled, and accepted a BoA wire transfer. All rights are reserved to amend this Complaint to substitute the actual person or entity in place of John Doe.

4. This action arises out of (1) a business transaction between Song Chuan and another entity ("Business Partner"), which is not named in this action, and (2) a wire transfer from Song Chuan to John Doe's BoA account to effectuate the transaction.

5. Song Chuan and the Business Partner communicated and conducted negotiations through an intermediary who served to advise the parties on their transaction ("Advisor"). The Advisor is located in and facilitated this transaction from Charleston, South Carolina. Effectively, the transaction flowed through and occurred in Charleston, South Carolina.

6. As it stands, there is complete diversity between the parties and the amount in controversy well exceeds $75,000, so this Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332.

7. This Court also has subject matter jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 *et seq.* ("RICO Act").

8. Given that the negotiations and facilitation of the transaction at issue occurred in Charleston, South Carolina, venue in this district and division are proper, pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Song Chuan and the Business Partner entered into negotiations for the sale of goods from the Business Partner to Song Chuan.

10. The Advisor served as an intermediary between Song Chuan and the Business Partner, helping the parties conduct negotiations, a majority of which occurred via e-mail. The Advisor was based in Charleston, South Carolina, thus the nerve center of this transaction was Charleston, South Carolina.

11. At some point during the course of this negotiations, John Doe engaged in numerous acts with the intent of ultimately converting the proceeds of the sale. These acts included:
    a. Hacking e-mails between Song Chuan, the Business Partner and the Advisor to track the progress of the transaction;
    b. Setting up a BoA account for the purpose of illegally accepting the wire transfer;
    c. Posing as the Business Partner and sending its BoA account information to Song Chuan for the purpose of illegally accepting the wire transfer; and
    d. Illegally accepting the wire transfer.
12. Song Chuan and the Business Partner ultimately agreed on a price of $880,000, which was to be paid in advance via a wire transfer to the Business Partner's BoA account.
13. At the time when Song Chuan was to send the wire transfer, John Doe hacked into the communications and sent an e-mail with wire instructions for payment to an account it owned, also a BoA account.
14. The named tied to John Doe's BoA account gave the appearance that it was a division within or the accounts receivable arm of the Business Partner.
15. On or about September 14, 2016, Song Chuan wired $880,000 to John Doe's BoA account, thinking it had sent the money to the Business Partner's BoA account. (See Exhibit 1, Wiring Instructions).
16. Song Chuan is unaware if BoA has released the funds to John Doe.
17. Song Chuan and its bank have filed a claim with BoA for return of its money based on the fraud of John Doe.
18. BoA has failed, refused or otherwise denied to return its money.

## AS A FIRST CAUSE OF ACTION AGAINST BOA
### (Injection/Temporary Restraining Order/interpleader)

19. The Plaintiff hereby incorporate the allegations contained in the foregoing paragraphs as if fully restated here.

20. BoA is in possession of $880,000 that was intended to be sent to the Business Partner but was instead send to John Doe.

21. In the event that BoA has yet to release the funds, Song Chuan will suffer immediate and irreparable harm if the $880,000 is in fact released to John Doe.

22. Song Chuan requests that this Court issue an order enjoining BoA from releasing any of these funds to John Doe.

23. Song Chuan would also request that the Court order BoA to return its funds.

24. In the alternative, Song Chuan would request that BoA interplead the funds into this Court until resolution of this matter.

## AS A SECOND CAUSE OF ACTION AGAINST BOA
### (Conversion)

25. The Plaintiff hereby incorporate the allegations contained in the foregoing paragraphs as if fully restated here.

26. Song Chuan has an interest in the $880,000 that is currently being held, or that was once held, by BoA.

27. BoA's continued holding or release of the money amounts to conversion without Song Chuan's permission.

28. Song Chuan is entitled to recover from BoA $880,000, in addition to all applicable damages, including punitive damages.

## AS A FIRST CAUSE OF ACTION AGAINST JOHN DOE
### (Conversion)

29. The Plaintiff hereby incorporate the allegations contained in the foregoing paragraphs as if fully restated here.

30. Song Chuan has an interest in the $880,000 that is currently being held, or that was once held, by BoA.

31. John Doe converted this money by fraudulently inducing Song Chuan to wire it to John Doe's BoA account.

32. Song Chuan did not give John Doe permission to possess this money.

33. Song Chuan is entitled to recover from John Doe $880,000, in addition to all applicable damages, including punitive damages.

## AS A SECOND CAUSE OF ACTION AGAINST JOHN DOE
### (Fraud)

34. The Plaintiff hereby incorporate the allegations contained in the foregoing paragraphs as if fully restated here.

35. John Doe represented that it was the Business Partner when it sent wire instructions to Song Chuan.

36. These representations were false and material to the transaction.

37. John Doe knew that it was not the Business Partner, thus it knew the representations were false.

38. John Doe intended that Song Chuan act on those representations (i.e., send money to John Doe).

39. Song Chuan was ignorant of those representations and in fact relied on their truth (i.e., Song Chuan actually sent money to John Doe).

40. Song Chuan had a right to rely on the representations, and it has suffered significant damage as a direct and proximate result of John Doe's fraud.

41. Song Chuan is entitled to recover from John Doe all actual and punitive damages resulting from John Doe's fraud.

### AS A THIRD CAUSE OF ACTION AGAINST JOHN DOE
### (RICO Act Violations)

42. The Plaintiff hereby incorporate the allegations contained in the foregoing paragraphs as if fully restated here.

43. John Doe is engaged in activities that affect interstate commerce.

44. John Doe participated in or conducted a pattern of racketeering activity for the unlawful purpose of intentionally defrauding John Doe.  Specifically, John Doe's activities include, but are not limited to,

    a. Hacking e-mails between Song Chuan, the Business Partner and the Advisor to track the progress of the transaction;

    b. Setting up a BoA account for the purpose of illegally accepting the wire transfer;

    c. Posing as the Business Partner and sending its BoA account information to Song Chuan for the purpose of illegally accepting the wire transfer; and

    d. Illegally accepting the wire transfer.

45. The pattern of John Does' racketeering activity was done in violation of the RICO Act, 18 U.S.C. § 1961 et seq.

46. As a direct and proximate result of these violations, Song Chuan has been injured, and it is entitled to judgment against John Doe for its actual damages, treble damages, consequential damages, punitive damages and attorney's fees and costs.

Wherefore, having complained of the Defendants, the Plaintiff prays that this Court inquire into the matters set forth above and grant the Plaintiff judgment as follows:

A). For an order enjoining BoA from releasing any of the funds wired from Song Chuan to John Doe;

B). For its actual damages, which should be trebled;

C). For consequential and punitive damages to be determined by the trier of fact;

D). For attorney's fees and costs associated with bringing this action;

E). For prejudgment interest; and

F). For such other relief as this honorable Court may deem to be just and appropriate.

SMITH | CLOSSER, PA

s/Steven L. Smith

September 30, 2016

Steven L. Smith – Federal Id #4204
ssmith@scnlaw.com
Zachary J. Closser – Federal Id #9889
zclosser@scnlaw.com
Samuel M. Wheeler – Federal Id #12291
swheeler@scnlaw.com
7455 Cross County Road, Ste 1 (29418)
P.O. Box 40578, Charleston, SC 29423
843-760-0220
843-552-2678 (fax)

16-282

Attorneys for the Plaintiff