IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Song Chuan Technology (Fujian) Co., Ltd., ) | Civil Action No. 2:16-3269-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bank of America, NA, *and* John Doe, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Bank of America's motion to dismiss Plaintiff Song Chuan Technology's claim against Bank of America for conversion, and Song Chuan's motion to amend the complaint to remove its claim for injunctive relief, to add a claim under South Carolina Code § 36-4A-101, and to add a claim for constructive trust. For the reasons set forth below, the Court grants the motion to dismiss, and grants in part and denies in part the motion to amend the complaint. The motion to amend is granted insofar as Song Chuan seeks to dismiss its first cause of action seeking injunctive relief and seeks to allege personal jurisdiction over the parties. The motion to amend is otherwise denied. Bank of America is dismissed from this action, and all other claims are dismissed without prejudice.

### I.   Background

On September 30, 2016, Song Chuan filed a complaint alleging Song Chuan and a business partner (whom Song Chuan declines to identify, but who apparently is the Kansas-based "Meridian Chemicals Sales" identified in the wire transfer documentation attached to the complaint, *see* Dkt. No. 1-1) negotiated a sale of goods (which Song Chuan declines to identify) for $880,000. (*See* Dkt. No. 1 ¶¶ 9–14.) According to the complaint, an "advisor" located in Charleston, South Carolina (whom Song Chuan declines to identify) served as an intermediary for negotiations

-1-

between Song Chuan and the business partner for the sale of the unidentified goods. (*Id.* ¶ 10.) "At some point during the course of th[ese] negotiations," an unknown person allegedly hacked into Song Chuan's email account, and, posing as the business partner, transmitted his own Bank of America account details to Song Chuan to obtain fraudulently the sale proceeds due the business partner. (*Id.* ¶ 11.) On or about September 14, 2016, Song Chuan wired $880,000 to John Doe's Bank of America account, believing the funds were being sent to its business partner. (*Id.* ¶ 15.) Song Chuan seeks to recover those funds from Bank of America, and damages, including treble damages, from John Doe.

On November 10, 2016, Bank of America moved to dismiss Song Chuan's conversion claim. (Dkt. No. 11.) On February 1, 2017, Song Chuan moved to amend the complaint to add an allegation of personal jurisdiction over the parties, to remove a claim for injunctive relief against Bank of America, and to add statutory and constructive trust claims against Bank of America.

## II.    Legal Standard

### A.    Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-

moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.  Motion to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). Thus, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602–03 (4th Cir. 2010).

Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,

525 F.3d 370, 376 (4th Cir.2008) (internal quotation marks omitted). "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012). "Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re: Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 8-11-2000-JMC, 2013 WL 12152414, at *2 (D.S.C. June 17, 2013).

### III. Discussion

#### A. Motion to Dismiss

Song Chuan seeks to recover from Bank of America funds it voluntarily wired to John Doe's account at Bank of America on a theory of conversion. "Conversion is the unauthorized exercise of ownership over the personal property of another." *Richardson's Rests., Inc. v. Nat'l Bank of S.C.*, 403 S.E.2d 669, 672 (S.C. Ct. App. 1991). Conversion applies to money only when "there is an obligation on the defendant to deliver a specific, identifiable fund to the plaintiff." *Id.*

Song Chuan alleges John Doe's fraud induced it to wire money to Bank of America. But simply alleging fraud by a bank customer does not create an immediate, established right to that customer's funds on deposit with the bank, enforceable against the bank in conversion. *See Owens v. Andrews Bank & Trust Co.*, 220 S.E.2d 116 (S.C. 1975) (holding a claim for conversion did not exist where an employee "had only a disputed claim for her wages, not an immediate right to payment"); *see also Terry v. Bank of Am., N.A.*, 350 F. Supp. 2d 727, 729–30 (W.D. Va. 2004) ("Plaintiffs cannot bring a claim for conversion unless they have a property interest in and are entitled to immediate possession of the converted item. In the present case, the plaintiffs' amended complaint fails to allege that the plaintiffs or the receivership entities were entitled to immediate possession of the funds in the [customer] account at the time those funds allegedly were converted. As the bank points out, the general rule is that once funds are deposited in a bank

-4-

account, the funds become the property of the bank."). In *Eisenberg v. Wachovia Bank, N.A.*, the Fourth Circuit discussed the facts of a Massachusetts fraud case where a Mr. "Rizzo, the chief fund raiser for the Tsongas Committee, opened a bank account at Andover Bank bearing the committee's name and listed himself as sole signatory" and "Rizzo used the bank account to convert the proceeds of contributions and loans to the Tsongas Committee to his own use." 301 F.3d 220, 225 (4th Cir. 2002) (internal quotation marks and citation omitted). It noted the funds Mr. Rizzo fraudulently obtained "were converted by Rizzo," not the bank. *Id.* In other words, fraudulently obtained funds are converted by the fraudster, not his bank. Proceeding to discuss an attempt to recover Mr. Rizzo's fraud from the bank on a negligence theory, the Fourth Circuit stated, "The mere fact that a bank account can be used in the course of perpetrating a fraud does not mean that banks have a duty to persons other than their own customers. To the contrary, the duty is owed exclusively to the customer, not to the persons with whom the customer has dealings." *Id.* at 225–26 (quoting *McCallum v. Rizzo*, 1995 WL 1146812 (Mass. Super. Ct. Oct. 13, 1995)).

The Court therefore grants Bank of America's motion to dismiss Song Chuan's conversion claim against Bank of America.

**B.    Motion to Amend**

Plaintiff's proposed amended complaint asserts a claim under Article 4A of the UCC, enacted in South Carolina at S.C. Code Ann., § 36-4A, *et seq.* Article 4A, § 207(a) provides that "if, in a payment order received by the beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur." Plaintiff, however, alleges its payment to John Doe was directed to his existing and identifiable account at Bank of America. (*See* Dkt. No. 1-1 (full identification of transfer beneficiary).) Section 207 applies only where it is not possible to complete the transfer because the beneficiary

cannot be identified—preventing banks from simply keeping funds where it is not possible to complete the transfer. *See, e.g., Tzaras v. Evergreen Int'l Spot Trading, Inc.*, No. 01 Civ. 10726(LAP), 2003 WL 470611, at *5 (S.D.N.Y. Feb. 25, 2003); *New S. Fed. Sav. Bank v. Flatbush Fed. Sav. & Loan Ass'n of Brooklyn*, No. 01 Civ. 9024(DFE), 2002 WL 31413680, at *1–2 (S.D.N.Y. Oct. 25, 2001); *Donmar Enters., Inc. v. S. Nat'l Bank of N.C.*, 828 F. Supp. 1230, 1239 (W.D.N.C. 1993). Section 207 is inapplicable to the situation alleged here, where a funds transfer is completed to the identified recipient and the sender of funds subsequently realizes that the identified recipient was not who he said he was.

Song Chuan's proposed amended complaint also seeks to add a claim for constructive trust. Constructive trust is an equitable doctrine that applies when the circumstances "under which property was acquired make it inequitable that it should be retained by the one holding legal title." *Lollis v. Lollis*, 354 S.E.2d 559, 561 (S.C. 1987). A constructive trust claim can only be asserted against a party alleged to have committed wrongdoing, the fruits of which "he ought not in equity and good conscience hold and enjoy." *Doe v. Roe*, 475 S.E.2d 783, 787 (S.C. Ct. App. 1996).

Song Chuan's proposed amended complaint fails to state a claim for constructive trust because Bank of America is not alleged to be a participant in John Doe's fraud. When Song Chuan transferred funds to Bank of America with instructions to deposit in John Doe's account, Bank of America had—according to Song Chuan's proposed complaint—no reason not to execute that transfer. The only "wrongdoing" Song Chuan alleges is the fact that Bank of America did not immediately give Song Chuan money from a depositor's account based on notice of unproven allegations of fraud against the depositor. (Dkt. No. 21-2 ¶ 18.) That is insufficient to state a claim for constructive trust.

Because the two causes of action Song Chuan seeks to add in its proposed amended complaint fail to state a claim against Bank of America, the Court denies Song Chuan's motion to amend the complaint insofar as it seeks to add those claims. *See Woods*, 841 F. Supp. 2d at 930 ("If an amendment would fail to withstand a motion to dismiss, it is futile."). Song Chuan's motion to amend the complaint to allege personal jurisdiction over the parties (*see* Dkt. No. 21-2 ¶ 6) and to remove its cause of action against Bank of America for injunctive relief is granted.

## C.    Dismissal of All Other Claims

Because no claims remain against Bank of America, the Court dismisses Bank of America from this action. With the dismissal of all claims against Bank of America, the complaint must be dismissed in its entirety because only remaining claims are claims asserted against the alleged fraudster, John Doe. "[A] complaint may not stand against only unnamed, unserved defendants." *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 725 (D. Md. 2002); *see also W. Capital Design, LLC v. N.Y. Mercantile Exch.*, 180 F.Supp.2d 438, 443 (S.D.N.Y. 2001). The period for service of the complaint provided in Rule 4(m) of the Federal Rules of Civil Procedure expired 70 days ago, yet with the dismissal of Bank of America there is no served defendant.

Further, the Court finds Song Chuan's allegation that "[t]his court has personal jurisdiction over the parties"[1] is not plausible given (1) that this action was filed 160 days ago, on September 30, 2016, yet Song Chuan still has not identified John Doe, much less alleged any *fact* suggesting John Doe is within the personal jurisdiction of this Court, (2) that Song Chuan is a Chinese corporation not authorized to do business in this District (*see* S.C. Sec'y State, http://businessfilings.sc.gov/), (3) that the "business partner" Song Chuan thought it was

---

[1] The proposed amended complaint adds the allegation, "This court has personal jurisdiction over the parties," (Dkt. No. 21-2 ¶ 6), and the Court grants Song Chuan's motion to amend the complaint to add that allegation.

purchasing from is, apparently, a Kansas-based company not authorized to do business in this District (*see id.*; Dkt. No. 1-1); (4) that the disputed wire transfer Song Chuan seeks to recover has no apparent nexus with this District, having been sent from China to a North Carolina bank for a Kansas beneficiary (*see* Dkt. No. 1-1), and (5) that Song Chuan has declined to identify the Charleston-based "advisor" who would be the only nexus with this district. Because Song Chuan has not plausibly pleaded this Court's personal jurisdiction over the parties, the Court must dismiss the complaint.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Bank of America's motion to dismiss (Dkt. No. 11), **GRANTS IN PART AND DENIES IN PART** Song Chuan's motion to amend the complaint, and **DISMISSES** Bank of America from this action. Claims against remaining Defendant John Doe are **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 10, 2017
Charleston, South Carolina