IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Song Chuan Technology (Fujian) Co., Ltd., ) | Civil Action No. 2:16-3269-RMG |
| Plaintiff, ) | |
| v. ) | ORDER AND OPINION |
| Bank of America, NA, *and* John Doe, ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Song Chuan's motion to alter the Court's order dismissing claims against Defendant Bank of America with prejudice and claims against Defendant John Doe without prejudice. For the reasons set forth below, the Court grants in part and denies in part the motion.

I. **Background**

On September 30, 2016, Song Chuan filed a complaint alleging Song Chuan and a business partner (whom Song Chuan declines to identify, but who apparently is the Kansas-based "Meridian Chemicals Sales" identified in the wire transfer documentation attached to the complaint, *see* Dkt. No. 1-1) negotiated a sale of goods (which Song Chuan declines to identify) for $880,000. (*See* Dkt. No. 1 ¶¶ 9–14.) According to the complaint, an "Advisor" located in Charleston, South Carolina (whom Song Chuan declines to identify) served as an intermediary for negotiations between Song Chuan and the business partner for the sale of the unidentified goods. (*Id.* ¶ 10.) "At some point during the course of th[ese] negotiations," an unknown person allegedly hacked into Song Chuan's email account, and, posing as the business partner, transmitted his own Bank of America account details to Song Chuan to obtain fraudulently the sale proceeds due the business partner. (*Id.* ¶ 11.) On or about September 14, 2016, Song Chuan wired $880,000 to John Doe's

Bank of America account, believing the funds were being sent to its business partner. (*Id.* ¶ 15.) Song Chuan seeks to recover those funds from Bank of America, and damages, including treble damages, from John Doe.

On November 10, 2016, Bank of America moved to dismiss Song Chuan's conversion claim. (Dkt. No. 11.) On February 1, 2017, Song Chuan moved to amend the complaint to add an allegation of personal jurisdiction over the parties, to remove a claim for injunctive relief against Bank of America, and to add statutory and constructive trust claims against Bank of America. On March 10, 2017, the Court granted Bank of America's motion to dismiss Song Chuan's conversion claim and denied Song Chuan's motion for leave to add statutory and constructive trust claims against Bank on America. The Court also *sua sponte* dismissed without prejudice claims against John Doe. The basis for the dismissal of the conversion claim against Bank of America and for the denial of leave to add statutory and constructive trust claims against Bank of America was failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The basis for the dismissal of claims against John Doe was the impropriety of proceeding only against and unserved, unnamed defendant and Song Chuan's failure plausibly to allege facts suggesting personal jurisdiction over John Doe. On April 6, 2017, Song Chuan timely filed a motion to alter judgment under Rule 59 of the Federal Rules of Civil Procedure.

## II. <u>Legal Standard</u>

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112

(4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

### III. Discussion

Song Chuan does not allege any intervening change in law or newly discovered evidence. The basis for Song Chuan's motion, therefore, is correction of clear error of law or prevention of manifest injustice. The proposed amended complaint asserted three causes of action against Bank of America: a claim under "U.C.C. Article 4A, S.C. Code Ann. § 36-4A-101, *et seq.*" asserting that Song Chuan "is entitled to return or reimbursement of the $880,000 [that Song Chuan wired to Bank of America], plus any consequential and incidental damages" because the wire transfer order "contained a misdescription known to [Bank of America]," a claim for conversion, and a claim for constructive trust. (Dkt. No. 21-2 at 4–5.) Song Chuan's motion to alter concerns the Court's denial of leave to amend the complaint to assert a claim under the U.C.C. Specifically, Song Chuan argues the Court committed a clear error of law when it addressed only proposed claims under S.C. Code § 36-4A-207(a) and failed to address proposed claims under S.C. Code § 36-4A-207(b) ("§ 207(b)") or S.C. Code § 36-4A-211 ("§ 211"). Song Chuan also argues against the Court's determination that no plausible allegations suggested personal jurisdiction over the John Doe defendant.

Nothing in the proposed amended complaint or Song Chuan's motion for leave to amend mentions anything regarding §§ 207(b) or 211. Song Chuan, however, did make arguments about those sections in its reply to Bank of America's opposition to the motion for leave to amend (Dkt.

No. 29.) The Court therefore considers it proper to examine whether arguments about §§ 207(b) and 211 were overlooked and whether they have merit. The Court also considers Defendant's argument regarding personal jurisdiction over John Doe.

### A. Claims Under S.C. Code § 36-4A-207(b)

Song Chuan argues the Court's order erred by considering its proposed U.C.C. cause of action under § 207(a) and but under § 207(b). Section 207(a) provides that "if, in a payment order received by the beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur." Section 207(b) provides,

> If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> (1) Except as otherwise provided in subsection (c), if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
>
> (2) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

Song Chuan's argument that the Court failed to consider a proposed § 207(b) claim is without merit. The proposed amended complaint does not allege that the account number on the wire transfer order refers to a party with a name different from that identified on the wire transfer order. Song Chuan's reply brief supporting its motion for leave to amend never argued that either. To the contrary, Song Chuan argued, "the named beneficiary does not exist and is not tied to the BoA account in question" so that "the extent that the Order contained a bank account number, there was a conflict between the name on the Order and account number." (Dkt. No. 29 at 3.) That

-4-

is a claim under § 207(a), not § 207(b). Section 207(a) applies when "in a payment order received by the beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a *nonexistent* or unidentifiable person . . . ." S.C. Code § 36-4A-207(a) (emphasis added). Section 207(b) applies either (1) where the receiving bank *knows* the name and account number on the transfer order identify *different* persons, or (2) where the receiving bank does not know the name and account number on the transfer order identify different persons and the receiving bank pays the person identified by name rather than the person identified by account number. The proposed amended complaint alleges nothing suggesting a claim under § 207(b), and the Court therefore did not construe Song Chuan's first cause of action as attempting to assert a claim under § 207(b).

Song Chuan's reply to Bank of America's opposition to the motion to alter argues that the name on the wire transfer (apparently Meridian Chemical) did not resemble John Doe's name (presumably not similar to Meridian Chemical).[1] (Dkt. No. 36 at 5.) Under § 207(b), Bank of America is entitled to rely on the account number and is under no obligation to not determine whether the name and number refer to the same person, but if Bank of America knew the name and account number did not match then it must return the transmitted funds if the account holder was not entitled to receive payment from the originator of the funds transfer. Song Chuan argues the proposed amended complaint alleges, "The Order contained a misdescription known to BoA"

---

[1] Song Chuan's refusal to name the parties to the intended transaction makes Song Chuan's argument at times difficult to follow. (*E.g.*, Dkt. No. 36 at 2–3 ("Song Chuan issues a wire, which bears the name of a beneficiary that closely resembles the intended beneficiary; BUT the beneficiary's actual name, as tied to the BoA account, is different from the name on the wire order.").) The Court assumes "closely resembles the intended beneficiary" refers to the fact that the beneficiary name on the wire transfer is "Meridian Chemicals Sales" but the company at the address listed on the wire transfer is "Meridian Chemicals LLC."

(Dkt. No. 21-2 ¶ 22), and therefore alleges Bank of America accepted the payment despite knowing that the name and account number did not match.

The Court rejects Song Chuan's argument because it is an assertion Bank of America engaged in "fraud or mistake" when setting up the beneficiary customer account or when accepting the wire transfer. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[C]ontained a misdescription known to BoA" does not state anything with particularity. *Cf. Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (Rule (9) particularity "means the who, what, when, where, and how" of the mistake (internal quotation marks omitted)).

The Court, however, does clarify that the proposed amended complaint never alleged asserted claims under § 207(b), and so the Court's order is not preclusive to a future claim that Bank of America knew the name and account number on the wire transfer identified different persons, or that Bank of America did not know that but paid the person identified by name rather than by account number. It is preclusive to the extent attempts to allege a § 207(b) claim based on the nonexistence of the beneficiary.

**B.     Claims Under S.C. Code § 36-4A-211**

Song Chuan also argues the Court's order erred by not considering its proposed U.C.C. cause of action under § 211, which provides, "[i]f the payment order is canceled or amended, the beneficiary's bank is entitled to recover from the beneficiary any amount paid to the beneficiary to the extent allowed by the law governing mistake and restitution." S.C. Code § 36-4A-211(c)(2). Bank of America is the John Doe beneficiary's bank. Cancellation of the payment order entitles Bank of America to recover the paid funds from John Doe's account. As Bank of America correctly argues, it provides no cause of action to the party sending funds. (Dkt. No. 35 at 4.) The Court therefore did not construe Song Chuan's first cause of action as attempting to assert a claim

under § 211. But Song Chuan's reply to Bank of America's opposition to the motion to alter correctly argues that if Bank of America kept transferred funds despite a legally effective cancellation of the transfer, it might be liable for those funds. The Court therefore considers whether Song Chuan's proposed amended complaint alleges cancellation of the payment order effective under § 211.

Section 211 provides, *inter alia*, that "[a]fter a payment order has been accepted, cancellation or amendment of the order is not effective unless the receiving bank agrees or a funds-transfer system rule allows cancellation or amendment without agreement of the bank." "An order issued to the beneficiary's bank is normally accepted on the payment date or the day after." U.C.C. Art. 4A § 211 official cmt. 8. Song Chuan's proposed amended complaint does not allege that the payment order was cancelled *before it was accepted*. (*Cf.* Dkt. No. 21-2 ¶ 24 ("To the extent that the Order was appropriately accepted by BOA, which is denied, Song Chuan and its bank effectively cancelled the Order").) Nor does it allege that a funds-transfer system rule allowed cancellation without Bank of America's agreement.

The proposed amended complaint, however, does allege that Song Chuan and its bank (Bank of China) "expressly notified BoA that the Order should not be accepted or should otherwise be cancelled, based on the misdescription of the beneficiary and the fraud of John Doe" and that "BoA acknowledged receipt of and agreed to this cancellation request." (*Id.* ¶¶ 18–19.) If Bank of America did cancel the funds transfer, Song Chuan has a plausible constructive trust claim to recover the transferred funds.

But the Court finds the allegation that the payment order at issue was actually cancelled with Bank of America's agreement to be implausible, given the refusal to return the funds. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Song Chuan means to allege fraud or

mistake by Bank of America (*i.e.*, to allege Bank of America has recovered the cancelled transfer from John Doe's account yet refuses to it), it has failed to allege facts with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Moreover, the allegation is also belied by the fact that Song Chuan initially sought a temporary restraining order or preliminary injunction "enjoining Bank of America, N.A. ('BoA') from releasing any of the $880,000 that were wired to BoA on or about September 14, 2016." (*See* Dkt. No. 5.) Liberally construing the proposed complaint allegation in favor of the plaintiff, the only plausible reading is someone with Bank of America said Bank of America would agree to cancel the transfer but Bank of America did not honor that and did not agree to the cancellation. Song Chuan has not explained or proposed a complaint alleging any facts suggesting how Bank of America deciding not to accept a request to cancel under § 211 an already-accepted wire transfer after someone at Bank of America initially indicated that the request would be accepted would entitle Song Chuan to relief. The Court therefore declines to vacate the dismissal of claims against Bank of America.

The Court, however, does not wish to preclude a constructive trust action if Song Chuan can properly allege that the transfer from Song Chuan to John Doe was in fact cancelled. The Court therefore amends its order to provide that constructive claim against Bank of America is dismissed without prejudice to Song Chuan's ability to file a complaint asserting a constructive trust claim against Bank of America alleging failure to return funds transferred from Song Chuan to a Bank of America account holder under a transfer order effectively cancelled under § 211. But any claim of fraud or mistake regarding Bank of America must be pleaded with particularity. Fed. R. Civ. P. 9(b).

C. **Personal Jurisdiction**

Song Chuan objects to the Court's finding that Song Chuan failed to plausibly allege personal jurisdiction regarding the John Doe defendant. The basis of Song Chuan's objection is

-8-

unclear. Song Chuan correctly argues that personal jurisdiction was not an issue regarding Bank of America. Bank of America appeared, did not contest personal jurisdiction, and claims against it were dismissed with prejudice on the merits. That dismissal left only the unserved John Doe as a defendant. Claims against John Doe were dismissed without prejudice because "a complaint may not stand against only unnamed, unserved defendants." *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 725 (D. Md. 2002). As an additional ground for not allowing claims to proceed only against John Doe, the Court found Song Chuan failed plausibly to allege any facts suggesting the Court's personal jurisdiction over John Doe. In its motion to reconsider, Song Chuan admits John Doe's "residences, principal places of business, or connections with this District are unknown," arguing those facts somehow prevent dismissal for lack of personal jurisdiction. (Dkt. No. 32 at 6.) The only alleged nexus between the transaction at issue and South Carolina is that the China-based buyer of chemicals purportedly "conducted negotiations" regarding a purchase from a Kansas-based supplier through a Charleston-based "Advisor"—whatever that means—whom Song Chuan steadfastly declines to identify. Song Chuan declines even to say what it was buying or from whom it was buying—the Court infers it was buying chemicals from Meridian Chemicals Sales in Kansas from bank wire instructions attached to the complaint. (*See* Dkt. No. 1-1.)

The Court understands that, generally, personal jurisdiction is considered only when a defendant contests jurisdiction. But complete ignorance about the identity, location, and activities of the sole defendant cannot entitle a plaintiff to file a John Doe action in whichever of the 94 judicial districts he may be pleased to select. Putting aside the rule against proceeding against only an unserved John Doe, there must be some plausible allegation that the transaction at issue has some nexus with the selected forum. The Court therefore declines to reconsider its order of March 10, 2017 regarding personal jurisdiction. The Court, however, does note nothing in its order

prevents John Doe from being named as a co-defendant with Bank of America or any other named party in a viable complaint regarding the wire transfer at issue.

IV. **Conclusion**

For the foregoing reasons, Plaintiff's motion to alter or amend (Dkt. No. 32) is **GRANTED IN PART AND DENIED IN PART.** The Court's order of March 10, 2017 (Dkt. No. 30) is altered to deny Plaintiff's motion for leave to amend the complaint **WITHOUT PREJUDICE** to Plaintiff's ability to file a complaint asserting a constructive trust claim against Bank of America alleging failure to return funds transferred from Song Chuan to a Bank of America account holder under a transfer order effectively cancelled under § S.C. Code 36-4A-211. The motion is otherwise **DENIED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 8, 2017
Charleston, South Carolina